FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

AP-77,053
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/15/2015 3:55:07 PM
Accepted 12/15/2015 3:58:22 PM
ABEL ACOSTA
CLERK

**NO. AP-77,053**

# IN THE COURT OF CRIMINAL APPEALS
# STATE OF TEXAS

**ERIC LYLE WILLIAMS**
Appellant,
v.
**THE STATE OF TEXAS**
Appellee.

*[handwritten margin notations: granted in part, denied in part. 90 days extension. Motion to abate denied. PC granted. 12-21-15]*

**On appeal from a conviction in the 422nd Judicial District Court of Kaufman County, Texas in Cause Number 32031-422 the Honorable, Michael R. Snipes, Judge Presiding**

## APPELLANT'S MOTION TO ABATE APPEAL OR, IN THE ALTERNATIVE, EXTEND THE TIME TO FILE BRIEF

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

The Appellant, Eric Williams, by and through his court appointed attorney, respectfully requests that the Court abate the instant appeal, or, in the alternative, extend the time for filing the Appellant's brief for 90 days. In support of this Motion, Appellant would show this Honorable Court the following:

**I.**

Appellant is confined pursuant to the judgement and sentence of the 422nd Judicial District Court of Kaufman County, convicting him of the

offense of capital murder. On December 17th, 2014, the jury answered the special issues so as to support the imposition of a death sentence, and the trial court sentenced him to death. Appeal to this Court was automatic. The deadline for filing Appellant's brief is December 31, 2015. This is Appellant's second request for an extension in this case, if necessary.

## II.

Appellant respectfully requests that the Court abate the instant appeal or, in the alternative, extend the deadline for filing of Appellant's brief for until March 31,2016.

## III.

Appellant would show the Court that a reasonable explanation exists for the requested abatement or 90-day extension:

The Clerk's Record in the instant case is incomplete. Juror questionnaires were used by the State and Defense to give information on each juror that was relied upon in exercising peremptory challenges and challenges for cause to prospective venire persons in the jury selection process. Appellant's appellate counsel has requested the Kaufman County District Clerk make these jury questionnaires available to counsel to aid counsel properly review the appellate record in preparation of Appellant's brief. The district clerk advised counsel that there are

numerous boxes of paper questionnaires that were placed in her possession, but there also is a digital media disk containing the scanned questionnaires and that it would be made available to Appellant's counsel. Counsel was contacted by lead prosecutor, Hon. Bill Wirskye, who telephoned me and told me that the Clark had contacted him, because the disk media that was marked questionnaires that was thought to contain the desired information from the questionnaires did not and would he help locate the disk media. Counsel was advised that Mr. Wirskye was going to help the clerk locate this information. Appellant's counsel has also advised the district clerk that he intended to file a motion with this Honorable Court to supplement the Clerk's Record with these questionnaires under seal or with redacted personal information from the questionnaires.

This type of information from the questionnaire is very necessary to be reviewed in deciding which issues during the voir dire jury selection process should be raised in the brief on appeal. This information has been made available to counsel in other death penalty appeal cases by this Honorable Court.

IV.

Appellant respectfully requests that the Court abate the instant appeal and allow the Kaufman County District Clerk's Office a reasonable

amount of time to supplement the record, either by locating the missing documents or by notifying the parties that the missing records cannot be found at which time the parties may attempt to enter into a stipulation regarding the documents. In the event that the instant appeal is abated, Appellant respectfully requests that the time for filing the Appellant's brief be extended for 60 days from the date of filing of the supplemental clerk's record.

Appellant fully recognizes that the request for an abatement is unusual. But, Appellant's only goal in requesting an abatement is simply to allow sufficient time to compile a complete and accurate record containing the juror questionnaires under seal or redacted in this case.

## V.

### *Status of Appellant's Brief*

Appellant's counsel believes that 50% of the work necessary to complete Appellant's brief has been completed. The appellate record is very large with 69 volumes and in excess of 10,679 pages. The summarization of the testimony has been completed which took an inordinate amount of time given that there were more than 100 witnesses and three volumes for the Motion for New Trial. Appellant's counsel has begun work on the jury selection process and requires the juror

questionnaires to fully develop any voir dire issues for inclusion in the appellate brief. Counsel has been in contact with the District Clerk of Kaufman County who is working to obtain these juror questionnaires and has also filed a motion to supplement the record with the juror questionnaires with this Court. Appellant's counsel has been working to identify the numerous complex issues to be presented in the appellate brief. For these reasons and due to the gravity of the sentence, Appellant's counsel requests additional time to prepare the appellate brief.

VI.

The undersigned has consulted with State's appellate counsel and she has no objection to Appellant's request for an abatement or, in the alternative, a 90-day extension of time to file the Appellant's brief.

For all the of the foregoing reasons, the State respectfully requests that this Court abate the instant appeal so that the Clerk's Record may be properly supplemented. Should the appeal be abated, Appellant requests that the deadline for filing Appellant's brief be extended 60 days after the

filing of the supplemental clerk's record. Alternatively, Appellant requests that the time for filing Appellant's brief be extended until March 31, 2016.

Respectfully submitted,

/s/ John Tatum
JOHN TATUM
990 SOUTH SHERMAN STREET
RICHARDSON, TEXAS 75081
(972) 705-9200
BAR NO. 19672500

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion has been delivered to Fredericka Sargent, Kaufman County District Attorney Pro Tem , c/o Criminal Appeals Division Office of the Attorney General at P.O. Box 12548 Austin, Texas 78711-2548 on this the 15th day of December, 2015.

/s/ John Tatum
John Tatum

# CERTIFICATE OF COMPLIANCE

I certify that this submitted e-mail attachment to file Motion to Abate Appeal or, in the Alternative, Extend Time to File Brief complies with the following requirements of the Court:

1. The petition is submitted by e-mail attachment;

2. The e-mail attachment is labeled with the following information:


A. Case Name: Eric Lyle Williams
B. The Appellate Case Number: AP-77,053
C. The Type of Document: Motion
D. Party for whom the document is being submitted: Appellant
E. The Word Processing Software and Version Used to Prepare the Motion :
Word Perfect X7


3. Copies have been sent to all parties associated with this case.

___/s/ John Tatum_____  12/15/15
(Signature of filing party and date)

John Tatum
(Printed name)

John Tatum, Attorney at Law

Emailed Copy of Motion